UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT HOME ELECTRIC and HEATH V. FULKERSON,<br><br>            Plaintiff,<br><br>     v.<br><br>THE HARTFORD,<br><br>            Defendant. | No.  2:21-cv-01892 TLN AC PS<br><br><br>ORDER |

On October 12, 2021, defendant removed this case from state court to federal court on grounds of diversity jurisdiction. ECF No. 1. Plaintiffs are proceeding in pro se. This case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The complaint identifies two plaintiffs, a "California Incorporated business" (At Home Electric) and individual Heath V. Fulkerson. ECF No. 1-1 at 2. The dispute centers on breach of a business owner's insurance policy. Id. It is unclear whether the policy was issued to the corporate entity or to plaintiff Fulkerson, or both.

Plaintiff Fulkerson is attempting to represent the corporate entity At Home Electric in a pro se capacity. A corporation must be represented by counsel. Reading Int'l, Inc. v. Malulani Grp., Ltd., 814 F.3d 1046, 1053 (9th Cir. 2016). This case cannot go forward unless At Home Electric is represented by counsel or is dropped from the case. However, if Mr. Fulkerson

chooses to drop At Home Electric from the case rather than find counsel to represent it, he must be sure that he has standing as an individual to sue The Hartford, and that At Home Electronic is not a necessary party to the case.[1]  To have standing in a breach of contract case, Mr. Fulkerson must have been a party to the contract or an intended third-party beneficiary of the contract.[2]

      Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall obtain counsel for At Home Electric by November 22, 2021 or drop At Home Electric from this case by that date. If plaintiff fails to respond by November 22, 2021, the court will recommend dismissal of his case without prejudice for lack of prosecution.

DATED: October 19, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] "Consistent with this checks and balances principle, a private party can bring a "case" only if it has standing—a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." Consumer Fin. Prot. Bureau v. Gordon, 819 F.3d 1179, 1187 (9th Cir. 2016) (internal citations omitted).

[2] "[A]s a matter of general contract law, both an intended third party beneficiary and a party to the contract may sue for breach." In re Anthem, Inc. Data Breach Litig., 162 F. Supp. 3d 953, 1010 (N.D. Cal. 2016).